IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| LAVELLE PATTERSON, | : | |
| --- | --- | --- |
| Plaintiff, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. 18-CV-4410 |
| | : | |
| CHESTER POLICE, *et al,*, | : | |
| Defendants. | : | |

MEMORANDUM

BAYLSON, J.                                                                OCTOBER 16, 2018

Plaintiff Lavelle Patterson, proceeding *pro se*, brings this civil action against "Chester Police," Ridley Township, and "CID of Delaware Co." (ECF No. 2.) He has also filed a Motion for Leave to Proceed *In Forma Pauperis*. (ECF No. 1.) For the following reasons, the Court will grant Patterson leave to proceed *in forma pauperis* and dismiss his Complaint with leave to amend.

I.   FACTS

Patterson's Complaint consists of 44 pages, most of which are exhibits. Patterson used this Court's form complaint for a *pro se* plaintiff filing a civil action. In the section titled "Statement of Claims," Patterson indicates to "see attached letters" and "see attached documents." (Compl. at 5.)[1] As for injuries, he writes "N/A." (*Id.* at 6.) For relief, Patterson seeks "any amount that the Court feels justified for mental, emotional distress caused by the defs." (*Id.*)

The attached documents consist of: (1) a letter dated September 10, 2018 from the Social Security Administration indicating that Patterson receives $438.00 in Social Security benefits per

---

[1] The Court uses the pagination assigned to the Complaint by the CM/ECF docketing system.

1

month (*id.* at 8); (2) two Extended Final Orders in protection from abuse actions filed by Patterson in the Court of Common Pleas for Delaware County (*id.* at 9-10); (3) letters to Ridley Town Manor II LLC from Legal Aid of Southeastern PA regarding Patterson's prior tenancy there (*id.* at 11-13); (4) a letter from Governor Tom Wolf to Patterson regarding Patterson's correspondence about "concerns about [his] county's police force" (*id.* at 14); (5) various state court dockets for criminal matters against other individuals (*id.* at 15-16, 18-23, 32-42); (6) an obituary for Henry Harris, Sr. (*id.* at 17); (7) a letter addressed to this Court (*id.* at 24-27); (8) a letter addressed to the FBI (*id.* at 28-29); (9) a letter addressed to Governor Wolf (*id.* at 30-31); (10) two bench warrants issued for Patterson's arrest for failure to appear (*id.* at 43-44); and (11) two citations issued to Patterson in April of 2018 for disorderly conduct and harassment (*id.* at 45-46).

In the letter addressed to this Court, Patterson states that "[it] all began in 2012 when [he] voluntarily became an informant for the Chester Police dept. unknowingly the name target: Braheem Butcher was the raid and at that time the Narcotics Division discovered that the named kingpin is the son of the cop in their very own division." (*Id.* at 24.) He mentions that he was detained after being arrested by Calvin Butcher, Braheem's father, and that he was locked out of his room, preventing his family from retrieving his belongings. (*Id.*) Patterson states that while he was working "as a CI for CID of Delaware County, [he] was repeatedly called N*****-fagot by Ridley Township Police and repeatedly threatened to be 302 or arrested simply for calling 911 to report either of [his] ex-lovers for violating their orders." (*Id.* at 24-25.) He references that he was cited by Ridley Township "simply for calling 911 when the neighbor had let family members of [his] ex-lovers in the building in April of this year." (*Id.* at 25.) According to Patterson, he "immediately asked the officer [he] was working with named Steve Banner to help

2

eradicate or rescind[] the citations." (*Id.*) Banner spoke "to the arresting officer and [said] that the citations were taken care of." (*Id.*)

Patterson then goes on to state that he notified the District Attorney for Delaware County that the FBI was investigating three law enforcement agencies for public corruption. (*Id.*) Subsequently, Patterson met with a Lt. Oberg to "clarify the letter written to the DA and to explain the fact [that] Steve Banner['s] name came up in the investigation simply because he was implicated by Ridley Township Police." (*Id.*) After Patterson "cleared Steve Banner, [he] received bench warrants for the very citations that Steve told [him] that he cleared[.]" (*Id.*)

Patterson "really feel[s] that [his] rights were violated by all three law enforcement agencies." (*Id.* at 26.) He asks the Court to "read the attached documents for a better understanding of the sheer tyranny and abuse of the badge." (*Id.*) Patterson mentions that Sgt. Lee of the Chester Police Department "wrongfully locked [him] up for excessive disorderly conduct in 2015 and just recently harassed [him] while [he] was at the Wawa in Linwood, PA." (*Id.*) He notes that he is "an overt homosexual who takes pride in who [he is] and only ask[s] that other people were more toler[ant] and compassionate, especially law enforcement officials." (*Id.*) Patterson claims that he lost his apartment "as a direct result of Ridley Township police underhandedness and ha[s] been constantly mistreated by the Chester Police Dept. because of their discriminatory and obvious dislike of homosexuals." (*Id.*)

## II. STANDARD OF REVIEW

The Court will grant Patterson leave to proceed *in forma pauperis* because it appears that he is incapable of paying the fees necessary to commence this action. Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) require the Courts to dismiss the Complaint if it fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same

3

standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). Conclusory statements and naked assertions will not suffice. *Id.* As Patterson is proceeding *pro se*, the Court construes his allegations liberally. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

Moreover, Rule 8(a) of the Federal Rules of Civil Procedure requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." A district court may *sua sponte* dismiss a complaint that does not comply with Rule 8 if "the complaint is so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised." *Simmons v. Abruzzo*, 49 F.3d 83, 86 (2d Cir. 1995) (quotations omitted). This Court has noted that Rule 8 "requires that pleadings provide enough information to put a defendant on sufficient notice to prepare their defense and also ensure that the Court is sufficiently informed to determine the issue." *Fabian v. St. Mary's Med. Ctr.*, No. Civ. A. 16-4741, 2017 WL 3494219, at *3 (E.D. Pa. Aug. 11, 2017) (quotations omitted).

### III. DISCUSSION

As noted above, Patterson alleges that his civil rights have been violated. Accordingly, the Court construes his Complaint as being brought pursuant to 42 U.S.C. § 1983. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). As discussed below, Patterson's Complaint fails to state a claim for relief at this time.

4

As noted above, Patterson has named "Chester Police," Ridley Township, and "CID of Delaware Co" as the Defendants in this matter. However, neither "Chester Police" nor "CID of Delaware Co" are "people" subject to liability under § 1983. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989); *Jackson v. City of Erie Police Dep't*, 570 F. App'x 112, 114 (3d Cir. 2014); *Garcia v. Cty. of Bucks, PA*, 155 F. Supp. 2d 259, 263 n.4 (E.D. Pa. 2011). Instead, the proper defendant for a claim against these entities within the municipality is the municipality itself. *Jackson*, 570 F. App'x at 114 n.2. However, even if the Court were to construe Patterson's claims as ones against the City of Chester and Delaware County, it is insufficient. To state a claim for municipal liability, a plaintiff must allege that the defendant's policies or customs caused the alleged constitutional violation. *See Monell v. Dep't of Soc. Servs. of N.Y.*, 436 U.S. 658, 694 (1978); *Natale v. Camden Cty. Corr. Facility*, 318 F.3d 575, 583-84 (3d Cir. 2003). The plaintiff "must identify [the] custom or policy, and specify what exactly that custom or policy was" to satisfy the pleading standard. *McTernan v. City of York*, 564 F.3d 636, 658 (3d Cir. 2009). Here, Patterson fails to suggest that a policy or custom of any of the three municipalities referred to (City of Chester, Ridley Township, and Delaware County) caused the alleged violations of his rights. Accordingly, Patterson cannot maintain his claims against "Chester Police," Ridley Township, and "CID of Delaware Co."

Patterson's Complaint also fails to comply with Rule 8(a) of the Federal Rules of Civil Procedure. As noted above, in the section of the form complaint asking for the "Statement of Claims," Patterson directs the Court to "see attached letters" and "see attached documents." (Compl. at 5.) To the extent Patterson's intent is to rely on the several attachments to his Complaint to set forth his claims, the Complaint fails to comply with Rule 8, as it simply does not "provide enough information to put a defendant on sufficient notice to prepare their defense

and also ensure that the Court is sufficiently informed to determine the issue." *Fabian*, 2017 WL 3494219, at *3. While Patterson does refer to events in the letter addressed to the Court, it is unclear what his claims are[2] and, as discussed above, he has not named a proper defendant under § 1983 at this time.

IV. **CONCLUSION**

For the foregoing reasons, the Court will grant Patterson leave to proceed *in forma pauperis* and dismiss his Complaint. In light of Patterson's *pro se* status, this dismissal will be without prejudice to his right to file an amended complaint in the event he can clarify his claims and cure the defects noted above. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002). An appropriate Order follows.

BY THE COURT:

_____
MICHAEL M. BAYLSON, J.

---

[2] Moreover, Patterson refers to events that occurred as far back as 2012. Pennsylvania's two-year limitations period applies to any § 1983 claims Patterson may be attempting to raise. . *See* 42 Pa. Cons. Stat. § 5524; *Wallace v. Kato*, 549 U.S. 384, 387 (2007). His claims accrued when he "ha[d] a complete and present cause of action, that is, when [he could] file suit and obtain relief." *Dique v. N.J. State Police*, 603 F.3d 181, 185 (3d Cir. 2010) (quotations omitted). Although the Court cannot discern what Patterson's claims are at this time, it is possible that any claims based upon events that occurred prior to September 27, 2018, when Patterson filed his Complaint, could be time-barred.