IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

FILED
NOV 29 2018
KATE BARKMAN, Clerk
By_____Dep. Clerk

LAVELLE PATTERSON,  :
    Plaintiff,  :
     :
v.  :    CIVIL ACTION NO. 18-CV-4410
     :
CHESTER POLICE, *et al.*,  :
    Defendants.  :

### MEMORANDUM

BAYLSON, J.                              November ~~OCTOBER~~ 29, 2018

On September 27, 2018, *pro se* Plaintiff Lavelle Patterson filed a Complaint against "Chester Police," Ridley Township, and "CID of Delaware Co." (ECF No. 2.) He also filed a Motion for Leave to Proceed *In Forma Pauperis*. (ECF No. 1.) By Memorandum and Order entered on October 16, 2018, the Court granted Patterson leave to proceed *in forma pauperis* and dismissed his Complaint. (ECF Nos. 4, 5.) Specifically, the Court noted that neither "Chester Police" nor "CID of Delaware Co" were people subject to liability under 42 U.S.C. § 1983, and that even if the Court were to construe Patterson's claims as ones against the City of Chester and Delaware County, he had failed to state a claim for municipal liability. (ECF No. 4 at 5.) The Court also noted that Patterson's Complaint failed to comply with Rule 8(a), as it appeared that Patterson intended to rely on the several attachments to his Complaint to set forth his claims. (*Id.* at 5-6.) The Court granted Patterson leave to file an amended complaint. (*Id.* at 6.)

Patterson has since filed exhibits (ECF No. 6), an Amended Complaint (ECF No. 7), another Amended Complaint (ECF No. 8), a Statement (ECF No. 9), and a "Motion Requesting a Delay with Summons Delivery to Defendants" (ECF No. 10). In the first Amended Complaint, Patterson names as Defendants Det. Steve Banner, Calvin and Braheem Butcher, Sgt. Russ,

1

Everett Lewis Pinder, Craig Andre Evans, Pauline Thornton, Chief James Nolan 3, Sgt. Lee, Captain Scott Willoughby, and Det. Marc McKinney. However, in the other Amended Complaint, Patterson names as Defendants Det. Banner, Lt. Oberg, Sgt. Russ, Ridley Town Manor LLC, Craig Evans, Everett Pinder, Calvin and Braheem Butcher, and Pauline Thornton. For the following reasons, the Court will dismiss the Amended Complaints, provide Patterson a final opportunity to amend, and deny his Motion.

## I. FACTS

Patterson alleges that he initially met Det. Banner through Sgt. Hackett. (ECF No. 7 at 1.) In August of 2017, Patterson met with Sgt. Hackett to "address the outstanding warrants of both Craig A. Evans and Everett L. Pinder." (*Id.*) Two weeks later, Det. Banner called Patterson to schedule a meeting. (*Id.*) At that meeting, Det. Banner told Patterson "that he works in Narcotics and he wanted to talk to [him] about Braheem Butcher and Calvin Butcher[,] ex-cop of Chester Narcotics Division." (*Id.*) Patterson realized that when he was living at a prior address, Braheem had been dating Pauline Thornton, another resident of that address. (*Id.*) Patterson alleges that "[w]hile living there [he] witnessed many drug[] sales take place and [he] happened to mention this fact to Sgt. Hackett of CID." (*Id.*) Det. Banner asked Patterson to become a confidential informant. (*Id.*) Patterson did and worked with Det. Banner for a year. (*Id.*) He alleges that he "set Pauline Thornton up while she was selling cocaine for Braheem Butcher . . . and [he] kind of wondered why Det. Banner hesitated to arrest her." (*Id.*) He alleges that she was never arrested because "she is romantically involved with Braheem." (*Id.*)

Patterson goes on to state that Craig. A. Evans has had a Protection from Abuse ("PFA") order against him since 2008. (*Id.*) Patterson claims that Evans "[pled] guilty once and ha[s] been eluding the law ever since." (*Id.*) He states that this is "why [he is] holding Chester Police

2

Chief Nolan 3 responsible for the most reckoning [he] experienced in May of this year when [he] was] wrongfully locked out of [his] apt." (*Id.*) Patterson alleges that Everett L. Pinder also has a PFA order against him since 2012, but that "the number of warrants that he has clearly shows his defiance for the law." (*Id.* at 2.) He states that "[j]ust recently on July 24th Pinder deliberately greeted [him] on the 113 bus and paraded around laughing and mocking as if he did not have a PFA or warrants." (*Id.*) According to the Amended Complaint, Pinder and Evans are Patterson's ex-lovers, and he has been "constantly harassed by [their] family members." (*Id.*) He argues that they "[have] not been brought to justice for the countless violations of their orders." (*Id.*)

Patterson next states that he is suing Sgt. Lee "for constant harassment solely on the grounds of committing a hate crime." (*Id.*) He states that he is "a homosexual who has been repeatedly harassed by the Chester Police dept. for years just because [he is] gay." (*Id.*) Patterson seems to suggest that the harassment began when he became a confidential informant and gave the department information about Braheem Butcher's drug dealing activity. (*Id.*) Patterson does not elaborate on how Sgt. Lee harassed him.

Finally, Patterson states that Ridley Town Manor LLC has "infringed all [his] tenant rights simply because of racism and bigotry personified by Ridley Township Police dept." (*Id.*) According to Patterson, every time he called the police "to report a PFA violation, [he] was threatened by the police to either be 302 or thrown in jail." (*Id.*) He also mentions that they called him "derogatory slurs." (*Id.*) According to Patterson, the police "repeatedly ask[ed] him when was [he] going to move back out again and when [he] did not respond, Police Department underhandedly went behind [his] back and told Ridley Township Manor to throw [him] out." (*Id.*) Patterson alleges that Ridley Town Manor LLC "never started the eviction process." (*Id.*)

3

Instead, he was locked out and had all of his belongings discarded "with the exception of a few items." (*Id.*)

Patterson's second Amended Complaint reiterates the allegations set forth above. (*See* ECF No. 8.) He also attaches various exhibits, including letters he has written to various officials. As relief, Patterson seeks $3,500.00 from Ridley Town Manor LLC "for los[s] of belongings and to recover the money spent staying in a motel unnecessarily." (ECF No. 8 at 14.) He also requests that "harsh disciplinary action be taken against the police[ ] officers involved including up to termination for sheer tyranny and abuse of the badge." (*Id.*) Patterson seeks to have Pauline Thornton "persecute[d] [sic] . . . to the fullest extent of the law as it pertains to her constant harassment and gay bashing." (*Id.*) Finally, he requests that the Court impose whatever punishment it seeks fit upon Everett Pinder and Craig Evans. (*Id.*)

## II. STANDARD OF REVIEW

As noted above, the Court previously granted Patterson leave to proceed *in forma pauperis*. Accordingly, the Court is required, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), to dismiss the Amended Complaints if they fail to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). Conclusory statements and naked assertions will not suffice. *Id.* As Patterson is proceeding *pro se*, the Court construes his allegations liberally. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

4

Moreover, Rule 8(a) of the Federal Rules of Civil Procedure requires a complaint to contain "a short a plain statement of the claim showing that the pleader is entitled to relief." A district court may *sua sponte* dismiss a complaint that does not comply with Rule 8 if "the complaint is so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised." *Simmons v. Abruzzo*, 49 F.3d 83, 86 (2d Cir. 1995) (quotations omitted). This Court has noted that Rule 8 "requires that pleadings provide enough information to put a defendant on sufficient notice to prepare their defense and also ensure that the Court is sufficiently informed to determine the issue." *Fabian v. St. Mary's Med. Ctr.*, No. Civ. A. 16-4741, 2017 WL 3494219, at *3 (E.D. Pa. Aug. 11, 2017) (quotations omitted).

### III. DISCUSSION

#### A. Failure to Comply with Federal Rules of Civil Procedure 8 and 10

As noted above, Patterson has submitted exhibits (ECF No. 6), as well as two Amended Complaints (ECF Nos. 7, 8). Although the Court has treated those documents collectively as Patterson's Amended Complaint, Patterson's filings again do not comply with Rules 8(a) and 10 of the Federal Rules of Civil Procedure. The purpose of these rules is to make clear to the Court and the defendants the factual basis for a plaintiff's claims so that the defendants can meaningfully respond to those claims. *See, e.g., Fabian*, 2017 WL 3494219, at *3 ("Federal Rule of Civil Procedure 8 requires that pleadings provide enough information to put a defendant on sufficient notice to prepare their defense and also ensure that the Court is sufficiently informed to determine the issue.") (quotations omitted); *Young v. Centerville Clinic, Inc.*, No. Civ.A. 09-325, 2009 WL 4722820, at *3 (W.D. Pa. Dec. 2, 2009) ("The purpose of Rule 10 is to create clarity in pleadings, which allows a defendant and the Court to determine whether there are sufficient facts to support a claim entitling a plaintiff to relief."). To conform to Rule 8, a

5

pleading must contain a short and plain statement showing that the plaintiff is entitled to relief. *See Travaline v. U.S. Supreme Court*, 424 F. App'x 78, 79 (3d Cir. 2011) ("Rule 8 of the Federal Rules of Civil Procedure requires that a complaint contain 'a short and plain statement of the claim showing that the pleader is entitled to relief,' and 'a demand for the relief sought.'") (quoting Fed. R. Civ. P. 8(a)(2), (3)); *see also id.* ("Each averment must be 'simple, concise, and direct.'") (quoting Fed. R. Civ. P. 8(d)(1)). "This standard operates in tandem with that of Rule 10," which requires that a pleading contain a caption with the Court's name and the names of the parties, and that claims be listed in numbered paragraphs. *Fabian*, 2017 WL 3494219, at *3 (citing Fed. R. Civ. P. 10).

Rather than raising his allegations in one pleading with a caption and numbered paragraphs that conforms with the Federal Rules of Civil Procedure, Patterson has submitted three documents in piecemeal fashion. This means that he has once again made it difficult to understand the basis for his lawsuit and the nature of his claims against each Defendant. Moreover, it is difficult to determine who the intended Defendants are in this matter. In the first Amended Complaint, Patterson names as Defendants Det. Steve Banner, Calvin and Braheem Butcher, Sgt. Russ, Everett Lewis Pinder, Craig Andre Evans, Pauline Thornton, Chief James Nolan 3, Sgt. Lee, Captain Scott Willoughby, and Det. Marc McKinney. However, in the other Amended Complaint, Patterson names as Defendants Det. Banner, Lt. Oberg, Sgt. Russ, Ridley Town Manor LLC, Craig Evans, Everett Pinder, Calvin and Braheem Butcher, and Pauline Thornton. Although the Amended Complaints could be dismissed on this basis alone, the Court has done its best to understand the gist of Patterson's allegations and will address his claims below.

**B.      Claims Against Sgt. Russ, Captain Scott Willoughby, Det. Marc McKinney, and Lt. Oberg**

6

To the extent Patterson seeks to proceed against Sgt. Russ, Captain Willoughby, Det. McKinney, and Lt. Oberg, he has failed to state a claim for relief against them at this time. The Court has construed Patterson's Amended Complaints as being brought pursuant to 42 U.S.C. § 1983 because he vaguely suggests that his civil rights have been violated. However, nothing in the Amended Complaints describes how these individuals were responsible for violating Patterson's rights, whether due to their own misconduct or their deliberate indifference to known deficiencies in a policy or procedure that violated Patterson's rights. *See Barkes v. First Corr. Med., Inc.*, 766 F.3d 307, 320 (3d Cir. 2014), *reversed on other grounds, Taylor v. Barkes*, 135 S. Ct. 2042 (2015). Accordingly, any claims against them will be dismissed.

### C. Claims Against Det. Banner, Chief James Nolan 3, and Sgt. Lee

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). Patterson, however, fails to state a claim against Det. Banner, Chief James Nolam 3, and Sgt. Lee at this time.

While not clear, it appears that Patterson faults Det. Banner for not arresting and prosecuting Braheem Butcher and Pauline Thornton for drug distribution. He also appears to fault Chief James Nolan 3 for allowing Evans to evade the law and prosecution for violating the PFA. These claims are not cognizable because Patterson "lacks a judicially cognizable interest in the prosecution or nonprosecution of another." *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973).

As for Sgt. Lee, Patterson states that he is suing him "for constant harassment solely on the grounds of committing a hate crime." (ECF No. 7 at 2.) This allegation is insufficient to

7

state a plausible claim for relief against Sgt. Lee because it is conclusory and it is not clear what exactly Sgt. Lee did that led Patterson to believe he was harassed. Moreover, if Patterson is alleging that Sgt. Lee verbally harassed him, "[m]ere verbal harassment or abuse is not a civil rights violation." *Boomer v. Lewis*, 541 F. App'x 186, 192 (3d Cir. 2013) (per curiam). For these reasons, Patterson's claims against Det. Banner, Chief James Nolan 3, and Sgt. Lee will be dismissed.

### D. Claims Against Calvin and Braheem Butcher, Everett Lewis Pinder, Craig Andre Evans, Pauline Thornton, and Ridley Town Manor LLC

As noted above, a plaintiff raising claims pursuant to § 1983 must show, *inter alia*, that the deprivations were caused by a person acting under color of state law. *See West*, 487 U.S. at 48. Whether a defendant is acting under color of state law—i.e., whether the defendant is a state actor—depends on whether there is "such a close nexus between the State and the challenged action' that seemingly private behavior may be fairly treated as that of the State itself." *Leshko v. Servis*, 423 F.3d 337, 339 (3d Cir. 2005) (internal quotations omitted). "To answer that question, [the Third Circuit has] outlined three broad tests generated by Supreme Court jurisprudence to determine whether state action exists: (1) whether the private entity has exercised powers that are traditionally the exclusive prerogative of the state; (2) whether the private party has acted with the help of or in concert with state officials; and (3) whether the state has so far insinuated itself into a position of interdependence with the acting party that it must be recognized as a joint participant in the challenged activity." *Kach v. Hose*, 589 F.3d 626, 646 (3d Cir. 2009) (internal quotations and alteration omitted). Here, nothing in the Amended Complaints suggest that the Butchers, Pinder, Evans, Thornton, and Ridley Town Manor LLC are state actors or that they violated Patterson's constitutional rights. Accordingly, any § 1983 claims against them will be dismissed.

Patterson may also be raising state law tort claims against these individuals. Because the Court has dismissed Patterson's federal claims, the Court will not exercise supplemental jurisdiction over any state law claims. Accordingly, the only independent basis for jurisdiction over any such claims is 28 U.S.C. § 1332(a), which grants a district court jurisdiction over a case in which "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States."

Section 1332(a) requires "'complete diversity between all plaintiffs and all defendants,' even though only minimal diversity is constitutionally required. This means that, unless there is some other basis for jurisdiction, 'no plaintiff [may] be a citizen of the same state as any defendant.'" *Lincoln Ben. Life Co. v. AEI Life, LLC*, 800 F.3d 99, 104 (3d Cir. 2015) (quoting *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005) and *Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 419 (3d Cir. 2010) (internal footnotes omitted)). Here, Patterson specifically requests $3,500.00 in damages, far below the minimum amount required for diversity jurisdiction. Moreover, the Amended Complaints suggest that he is a citizen of Pennsylvania, and while he gives out-of-state addresses for the Butchers, Pinder, and Evans, he provides in-state addresses for the remaining defendants. Thus, it is not clear that complete diversity exists. Accordingly, Patterson has failed to meet his burden of demonstrating that this Court has subject matter jurisdiction over any state law tort claims he may be raising. *See Lincoln Ben. Life Co. v. AEI Life, LLC*, 800 F.3d 99, 105 (3d Cir. 2015) ("The burden of establishing federal jurisdiction rests with the party asserting its existence." (citing *DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 342 n.3 (2006))).

## IV. CONCLUSION

For the foregoing reasons, the Court will dismiss Patterson's Amended Complaints for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). In light of Patterson's *pro se* status, this dismissal will be without prejudice to his right to file a second amended complaint in the event he can clarify his claims and cure the defects noted above. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002). Patterson's "Motion Requesting a Delay with Summons Delivery to Defendants" (ECF No. 10) will be denied. An appropriate Order follows.

BY THE COURT:

_____
MICHAEL M. BAYLSON, J.