# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LAVELLE PATTERSON, : | |
|     Plaintiff, : | |
| : | |
| v. : | CIVIL ACTION NO. 18-CV-4410 |
| : | |
| CHESTER POLICE, *et al,*, : | |
|     Defendants. : | |

## MEMORANDUM

**BAYLSON, J.**                                                                                                                                JANUARY    18, 2019

On September 27, 2018, *pro se* Plaintiff Lavelle Patterson filed a Complaint against "Chester Police," Ridley Township, and "CID of Delaware Co." (ECF No. 2.) He also filed a Motion for Leave to Proceed *In Forma Pauperis*. (ECF No. 1.) By Memorandum and Order entered on October 16, 2018, the Court granted Patterson leave to proceed *in forma pauperis* and dismissed his Complaint. (ECF Nos. 4, 5.) Specifically, the Court noted that neither "Chester Police" nor "CID of Delaware Co" were people subject to liability under 42 U.S.C. § 1983, and that even if the Court were to construe Patterson's claims as ones against the City of Chester and Delaware County, he had failed to state a claim for municipal liability. (ECF No. 4 at 5.) The Court also noted that Patterson's Complaint failed to comply with Rule 8(a), as it appeared that Patterson intended to rely on the several attachments to his Complaint to set forth his claims. (*Id.* at 5-6.) The Court granted Patterson leave to file an amended complaint. (*Id.* at 6.)

Patterson subsequently filed exhibits (ECF No. 6), an Amended Complaint (ECF No. 7), another Amended Complaint (ECF No. 8), a Statement (ECF No. 9), and a "Motion Requesting a Delay with Summons Delivery to Defendants" (ECF No. 10). In the first Amended Complaint, Patterson named as Defendants Det. Steve Banner, Calvin and Braheem Butcher, Sgt. Russ,

Everett Lewis Pinder, Craig Andre Evans, Pauline Thornton, Chief James Nolan 3, Sgt. Lee, Captain Scott Willoughby, and Det. Marc McKinney.  However, in the other Amended Complaint, Patterson named as Defendants Det. Banner, Lt. Oberg, Sgt. Russ, Ridley Town Manor LLC, Craig Evans, Everett Pinder, Calvin and Braheem Butcher, and Pauline Thornton.

By Memorandum and Order entered on November 29, 2018, the Court dismissed the Amended Complaints and denied Patterson's Motion.  (ECF Nos. 11, 12.)  The Court noted that Patterson had once again failed to comply with Rule 8(a) and that his Amended Complaints failed to comply with Rule 10 of the Federal Rules of Civil Procedure.  (ECF No. 11 at 5-6.)  The Court also concluded that (1) Patterson had failed to describe how Sgt. Russ, Captain Willoughby, Det. McKinney, and Lt. Oberg were personally responsible for violating his rights; (2) he could not maintain claims against Det. Banner and Chief James Nolan 3 based on their failure to prosecute other individuals; (3) he had not stated a claim against Sgt. Lee because verbal harassment is not a civil rights violation; (4) Calvin Butcher, Braheem Butcher, Everett Lewis Pinder, Craig Andre Evans, Pauline Thornton, and Ridley Town Manor LLC were not state actors for purposes of § 1983; and (5) Patterson had not demonstrated that the Court had subject matter jurisdiction over any state law claims he may be raising.  (*Id.* at 6-9.)  The Court gave Patterson leave to file a second amended complaint in the event he could "clarify his claims and cure the defects noted above."  (*Id.* at 10.)

The Court received Patterson's Second Amended Complaint on December 28, 2018. (ECF No. 14.)  Patterson also filed a second Motion for Leave to Proceed *In Forma Pauperis*. (ECF No. 13.)  Because Patterson has already been granted leave to proceed *in forma pauperis*, the Court will deny his second Motion as unnecessary.  For the following reasons, the Court will dismiss Patterson's Second Amended Complaint with no further leave to amend.

**I.      FACTS**

Patterson used this Court's form complaint for a *pro se* plaintiff filing a civil action to prepare his Second Amended Complaint. Where the caption asks for the names of the Defendants, Patterson writes: "See attached documents." (Second Am. Compl. at 1.)[1] He indicates that he is invoking this Court's federal question and diversity jurisdiction for "civil rights violations." (*Id.* at 2.) In the areas of the form complaint asking for the statement of his claim, his injuries, and what relief he seeks, Patterson writes: "See attached docs," "Medical documents attached," and "See attached." (*Id.* at 3-4.)

Patterson's attachments include: (1) a letter dated December 19, 2018 from the Law Project of Pennsylvania; (2) a document titled "Addendum;" (3) a copy of a Final Protection from Abuse Order that Patterson filed against Craig Evans; (4) copies of state dockets for criminal proceedings against Craig Andre Evans; and (5) an obituary for Henry Harris, Sr. In the Addendum, Patterson states that he is "hesitantly revealing an affair that [he] had with Braheem Butcher" and that therefore Calvin Butcher, Braheem's father, "has been stalking, harassing and threatening [him]." (*Id.* at 8.) According to Patterson, Calvin Butcher is "an ex-cop who has had the current Chester police out to harass [him] endlessly," and that the Chester police refuse to assist him. (*Id.*) Patterson mentions that he "met with agent Gillian of the FBI in Newtown Square, Pa to address the inappropriaties [sic] of Chester, Ridley township, and CID of Delaware county and he concluded that it was public corruption." (*Id.* at 9.) Patterson requests that the Ridley Township Police Department "be sued and whatever civil rights violations that ha[ve] been proven leads to prosecution." (*Id.*) He vaguely mentions that Capt. Lee of the Chester

---

[1] The Court uses the pagination assigned to the Second Amended Complaint by the CM/ECF docketing system.

Police Department has been harassing him, and that the family of Everett Lewis Pinder has been following him. (*Id.* at 11-12.)

As relief, Patterson asks that the Court order Braheem and Calvin Butcher to "stay away from [him] indefinitely." (*Id.* at 10.) He also seeks a "permanent PFA" against Braheem Butcher. (*Id.*) Patterson seeks the same relief against Craig Evans and Everett Lewis Pinder "simply because Media Courthouse has failed [him] miserably and refuse[s] to rectify the wrongs committed." (*Id.*)

## II.     STANDARD OF REVIEW

As noted above, the Court previously granted Patterson leave to proceed *in forma pauperis*. Accordingly, the Court is required, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), to dismiss the Second Amended Complaint if it fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). Conclusory statements and naked assertions will not suffice. *Id.* As Patterson is proceeding *pro se*, the Court construes his allegations liberally. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

Moreover, Rule 8(a) of the Federal Rules of Civil Procedure requires a complaint to contain "a short a plain statement of the claim showing that the pleader is entitled to relief." A district court may *sua sponte* dismiss a complaint that does not comply with Rule 8 if "the complaint is so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised." *Simmons v. Abruzzo*, 49 F.3d 83, 86 (2d Cir. 1995) (quotations omitted).

This Court has noted that Rule 8 "requires that pleadings provide enough information to put a defendant on sufficient notice to prepare their defense and also ensure that the Court is sufficiently informed to determine the issue." *Fabian v. St. Mary's Med. Ctr.*, No. Civ. A. 16-4741, 2017 WL 3494219, at *3 (E.D. Pa. Aug. 11, 2017) (quotations omitted).

## III. DISCUSSION

### A. Failure to Comply with Federal Rules of Civil Procedure 8 and 10

As an initial matter, Patterson's Second Amended Complaint again fails to comply with Rules 8(a) and 10 of the Federal Rules of Civil Procedure. The purpose of these rules is to make clear to the Court and the defendants the factual basis for a plaintiff's claims so that the defendants can meaningfully respond to those claims. *See, e.g.*, *Fabian*, 2017 WL 3494219, at *3 ("Federal Rule of Civil Procedure 8 requires that pleadings provide enough information to put a defendant on sufficient notice to prepare their defense and also ensure that the Court is sufficiently informed to determine the issue.") (quotations omitted); *Young v. Centerville Clinic, Inc.*, No. Civ.A. 09-325, 2009 WL 4722820, at *3 (W.D. Pa. Dec. 2, 2009) ("The purpose of Rule 10 is to create clarity in pleadings, which allows a defendant and the Court to determine whether there are sufficient facts to support a claim entitling a plaintiff to relief."). To conform to Rule 8, a pleading must contain a short and plain statement showing that the plaintiff is entitled to relief. *See Travaline v. U.S. Supreme Court*, 424 F. App'x 78, 79 (3d Cir. 2011) ("Rule 8 of the Federal Rules of Civil Procedure requires that a complaint contain 'a short and plain statement of the claim showing that the pleader is entitled to relief,' and 'a demand for the relief sought.'") (quoting Fed. R. Civ. P. 8(a)(2), (3)); *see also id.* ("Each averment must be 'simple, concise, and direct.'") (quoting Fed. R. Civ. P. 8(d)(1)). "This standard operates in tandem with that of Rule 10," which requires that a pleading contain a caption with the Court's

name and the names of the parties, and that claims be listed in numbered paragraphs. *Fabian*, 2017 WL 3494219, at *3 (citing Fed. R. Civ. P. 10).

Once again, Patterson appears to rely on the exhibits attached to his Second Amended Complaint to set forth his claims. This has again made it difficult to understand the basis for his lawsuit and the nature of his claims against each Defendant. Moreover, it is unclear who the intended Defendants are, as Patterson has not listed any Defendants in the caption of the form complaint. In his "Addendum," Patterson seeks relief against Calvin and Braheem Butcher, Craig Evans, and Everett Pinder, but also appears to wish to hold the Chester Police Department and Ridley Township Police Department, as well as Capt. Lee, liable for violations of his civil rights. Although the Second Amended Complaint could be dismissed on this basis alone, the Court has done its best to understand the gist of Patterson's allegations and will address his claims below.

      **B.**    **Claims Against the Chester Police Department and the Ridley Township Police Department**

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). As the Court previously informed Patterson, however, these entities are not "people" subject to liability under § 1983. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989); *Jackson v. City of Erie Police Dep't*, 570 F. App'x 112, 114 (3d Cir. 2014); *Garcia v. Cty. of Bucks, PA*, 155 F. Supp. 2d 259, 263 n.4 (E.D. Pa. 2011). Instead, the proper defendant for a claim against these entities within the municipality is the municipality itself. *Jackson*, 570 F. App'x at 114 n.2. However, even if the Court were to construe Patterson's claims as ones against the City of Chester and Ridley Township, it is insufficient. To state a claim for municipal liability, a

plaintiff must allege that the defendant's policies or customs caused the alleged constitutional violation. *See Monell v. Dep't of Soc. Servs. of N.Y.*, 436 U.S. 658, 694 (1978); *Natale v. Camden Cty. Corr. Facility*, 318 F.3d 575, 583-84 (3d Cir. 2003). The plaintiff "must identify [the] custom or policy, and specify what exactly that custom or policy was" to satisfy the pleading standard. *McTernan v. City of York,* 564 F.3d 636, 658 (3d Cir. 2009). Here, Patterson again fails to suggest that a policy or custom of any of the two municipalities referred to caused the alleged violations of his rights. Accordingly, he cannot maintain his claims against the Chester Police Department and the Ridley Township Police Department.

### C. Claims Against Capt. Lee

Patterson states that Capt. Lee has been "harassing [and] intimidating [him] for years." (Second Am. Compl. at 11.) As the Court previously told Patterson, however, "[m]ere verbal harassment or abuse is not a civil rights violation." *Boomer v. Lewis*, 541 F. App'x 186, 192 (3d Cir. 2013) (per curiam). Accordingly, Patterson's claims against Capt. Lee will be dismissed.

### D. Claims Against Calvin and Braheem Butcher, Everett Lewis Pinder, and Craig Andre Evans

As noted above, a plaintiff raising claims pursuant to § 1983 must show, *inter alia*, that the deprivations were caused by a person acting under color of state law. *See West*, 487 U.S. at 48. Whether a defendant is acting under color of state law—i.e., whether the defendant is a state actor—depends on whether there is "such a close nexus between the State and the challenged action' that seemingly private behavior may be fairly treated as that of the State itself." *Leshko v. Servis*, 423 F.3d 337, 339 (3d Cir. 2005) (internal quotations omitted). "To answer that question, [the Third Circuit has] outlined three broad tests generated by Supreme Court jurisprudence to determine whether state action exists: (1) whether the private entity has exercised powers that are traditionally the exclusive prerogative of the state; (2) whether the

private party has acted with the help of or in concert with state officials; and (3) whether the state has so far insinuated itself into a position of interdependence with the acting party that it must be recognized as a joint participant in the challenged activity." *Kach v. Hose*, 589 F.3d 626, 646 (3d Cir. 2009) (internal quotations and alteration omitted). Here, nothing in the Second Amended Complaint suggests that the Butchers, Pinder, and Evans are state actors or that they violated Patterson's constitutional rights. Accordingly, any § 1983 claims against them will be dismissed.

Patterson may also be raising state law tort claims against these individuals. Because the Court has dismissed Patterson's federal claims, the Court will not exercise supplemental jurisdiction over any state law claims. Accordingly, the only independent basis for jurisdiction over any such claims is 28 U.S.C. § 1332(a), which grants a district court jurisdiction over a case in which "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States."

Section 1332(a) requires "'complete diversity between all plaintiffs and all defendants,' even though only minimal diversity is constitutionally required. This means that, unless there is some other basis for jurisdiction, 'no plaintiff [may] be a citizen of the same state as any defendant.'" *Lincoln Ben. Life Co. v. AEI Life, LLC*, 800 F.3d 99, 104 (3d Cir. 2015) (quoting *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005) and *Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 419 (3d Cir. 2010) (internal footnotes omitted)). Here, Patterson does not set forth a request for damages. Moreover, the Second Amended Complaint suggests that both he and Pinder are both citizens of Pennsylvania (Patterson does not provide residency information for the Butchers and Evans). Thus, Patterson has again failed to meet his burden of demonstrating that this Court has subject matter jurisdiction over any state law tort claims he may be raising.

*See Lincoln Ben. Life Co. v. AEI Life, LLC*, 800 F.3d 99, 105 (3d Cir. 2015) ("The burden of establishing federal jurisdiction rests with the party asserting its existence." (citing *DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 342 n.3 (2006))).

IV. **CONCLUSION**

For the foregoing reasons, the Court will deny Patterson's second Motion for Leave to Proceed *In Forma Pauperis* as unnecessary and dismiss his Second Amended Complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), as well as for failure to comply with Rules 8(a) and 10 of the Federal Rules of Civil Procedure. Patterson's claims pursuant to 42 U.S.C. § 1983 will be dismissed with prejudice. Any state law claims that Patterson may be raising will be dismissed without prejudice for lack of subject matter jurisdiction. Because Patterson has been given several opportunities to amend has not alleged anything that gives rise to a clear basis for a claim, the Court concludes that further attempts at amendment would be futile. An appropriate Order follows.

**BY THE COURT:**

**/s/ Michael M. Baylson**

**MICHAEL M. BAYLSON, J.**

O:\CIVIL 18\18-4410 Patterson v Chester Police\18cv4410 memorandum 01182019.docx